In the Matter of JEROME SPIES, an Attorney, Resignor.

Second Department, April 27, 1992

### APPEARANCES OF COUNSEL

*John Joseph Sutter* for resignor.

*Frank A. Finnerty, Jr.,* for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Jerome Spies has submitted an affidavit dated January 3, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Spies was admitted to the practice of law by the Appellate Division of the Supreme Court, First Judicial Department, on December 13, 1937.

Mr. Spies acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he misappropriated escrow funds. Mr. Spies further acknowledges that he may be subject to a direction by this court that he make restitution to any persons whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Spies recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Spies indicates that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against disciplinary charges based upon the allegations against him.

Counsel for the Grievance Committee has recommended that the court accept the resignation. Under the circumstances, the resignation of Jerome Spies as a member of the Bar is accepted and directed to be filed. Accordingly, Jerome Spies is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the resignation of Jerome Spies is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jerome Spies is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jerome Spies shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jerome Spies is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any

advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Jerome Spies, is directed to make restitution in the amount set forth to the following person whose money or property was willfully misappropriated or misapplied, less the amount of any awards to that person by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication: Herman F. Goehner, Jr., as executor of the estate of Herman F. Goehner, in the sum of $25,000; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.